**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| JOEY L. PECK | ) | |
| | ) | |
| **Plaintiff,** | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 23-2474-KHV |
| | ) | |
| SCHLAGE LOCK COMPANY, LLC, | ) | |
| ALLEGION PLC, ALLEGION S&S LOCK | ) | |
| HOLDING, INC., ALLEGION US | ) | |
| HOLDING COMPANY, INC., and | ) | |
| ALLEGION US HOLDING III, INC., | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

On October 24, 2023, Joey L. Peck filed suit against her former employers, Schlage Lock Company, LLC, Allegion PLC, Allegion S&S Lock Holding, Inc., Allegion US Holding Company, Inc. and Allegion US Holding III, Inc. Plaintiff alleges that in violation of Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e et seq., defendants subjected her to a hostile work environment and discriminated against her based on sex (Count I) and terminated her employment in retaliation for complaints of sex discrimination (Count II). See Complaint (Doc. #1). This matter comes before the Court on Defendants' Motion To Dismiss Plaintiff's Complaint (Doc. #11) filed December 7, 2023. For reasons stated below, the Court overrules defendants' motion in part.

**Factual Background**

Plaintiff's complaint alleges as follows:

Plaintiff is female. Defendants employed plaintiff from August of 2002 to November 15, 2022, most recently as Director of Channel Marketing and Analytics.

On July 13, 2022, plaintiff complained to her male supervisor that a female coworker had harassed and bullied another female coworker for several months. In response, the male supervisor told plaintiff that the last time two women leaders could not get along, defendants "clipped" them and "let [them] go." Complaint (Doc. #1), ¶ 25. Plaintiff understood this to mean that defendants fired the women leaders and interpreted the statement as threatening and discriminatory. On August 4, 2022, plaintiff told her supervisor that because of his previous comment, she felt threatened and discriminated against and feared for her job. On September 25, 2022, plaintiff reported the sex-based discrimination to defendants' ethics hotline and her General Manager.

On October 14, 2022, Human Resources told plaintiff that it had conducted and completed an investigation into plaintiff's complaint and found no policy violation. Some time around October 20, 2022, plaintiff told Human Resources that she feared retaliation from her supervisor. On October 25, 2022, plaintiff told the General Manager that she intended to seek legal remedies if defendants did not address the harassment. Following her reports, plaintiff's supervisors began leaving her off communications and working directly with her subordinate without her knowledge.

A few days later, around October 28, 2022, Human Resources asked plaintiff if she planned to resign. Plaintiff told Human Resources that she did not, that she wanted a harassment-free environment and that she had a right to seek legal remedies for her discriminatory treatment.

On November 14, 2022, plaintiff filed a Charge of Discrimination with the State of Kansas Human Rights Commission ("KHRC") and the Equal Employment Opportunity Commission ("EEOC"). In part, the charge stated as follows:

> I am female. I have openly opposed acts and practices forbidden by the Kansas Act Against Discrimination. I have been employed by the Respondent since August 2002. I currently hold the position of Director of Consumer Channel Marketing and Analytics in Kansas. From July 2022, to August 2022, I was subject to sexual harassment. On July 13, 2022, I was subjected to verbal harassment, including threats of termination. On August 4, 2022, I was subjected to verbal harassment,

>including threats of termination.  I hereby charge Schlage Lock Company LLC and its Representatives with a violation of the Kansas Act Against Discrimination, in that I was subjected to sexual harassment, and harassment, due to my sex, female, and as acts of retaliation for having openly opposed acts and practices forbidden by the Kansas Act Against Discrimination.

EEOC Charge (Doc. #1-1) at 1–2.

The next day, November 15, 2022, defendants terminated plaintiff's employment.

On February 21, 2023, plaintiff filed an amended Charge of Discrimination with the KHRC and the EEOC.  In part, the amended charge stated as follows:

>On July 13, 2022, I reported to my male supervisor that a female coworker was and had been harassing and bullying another female employee for several months.  He responded that the last time two women leaders could not get along, they both were "clipped," which I understood to mean they were fired.  Subsequently, on July 13, 2022, I was subjected to verbal harassment, in that I took this as a threatening and discriminatory statement because he specifically mentioned "women leaders."
>
>On August 4, 2022, I reported to my supervisor that his comments from July 13, 2022, were threatening and discriminatory and that I feared for my job.  Subsequently, on August 4, 2022, I was subjected to verbal harassment, in that my supervisor retaliated by threatening my termination and subjecting me to ongoing retaliatory hostile work environment.
>
>Prior to and including November 15, 2022, I was subjected to disparate treatment in the terms and conditions of my employment, based on sex discrimination compared to similarly situated employees, by Respondent, its managers, and employees.  I believe Respondent engaged in a pattern and practice of discrimination and harassment against me and other similarly situated female employees.  Respondent provided more favorable treatment to male employees and/or female employees who did not raise complaints of discrimination, harassment, and retaliation.

Amended EEOC Charge (Doc. #1-2) at 2–3.

On August 8, 2023, plaintiff received notice of her right to sue.  See Exhibit C (Doc. #1-3).  On October 24, 2023, she filed suit.

**Analysis**

Defendants argue that the Court should dismiss plaintiff's complaint for failure to exhaust administrative remedies and failure to state a claim upon which relief may be granted.

**I.     Failure To Exhaust Administrative Remedies**

Title VII requires that before a person files a civil action against a party in federal court, she must file a charge with the EEOC. Hung Thai Pham v. James, 630 F. App'x 735, 738 (10th Cir. 2015). The purpose of the EEOC filing requirement is to give notice to the employer and an opportunity to voluntarily comply with Title VII. See id. In her EEOC charges, plaintiff listed "Schlage Lock Company, LLC and its Representatives" as respondent. She did not list Allegion PLC, Allegion S&S Lock Holding, Inc., Allegion US Holding Company, Inc. or Allegion US Holding III, Inc. (collectively, the "Allegion defendants"). See EEOC Charge (Doc. #1-1); Amended EEOC Charge (Doc. #1-2).

Defendants argue that because plaintiff's EEOC charges did not name the Allegion defendants, plaintiff failed to exhaust and the Court lacks jurisdiction. In response, plaintiff argues that (1) failure to exhaust administrative is not a jurisdictional issue but an affirmative defense; and (2) because she can prove that defendants share an identity of interest as "joint employers" or an "integrated enterprise," the Court should not dismiss her claims against the Allegion defendants.

A.     Whether An Alleged Failure To Exhaust Administrative Remedies Bars The Court From Assuming Jurisdiction Over Plaintiff's Claims

Defendants argue that because plaintiff's EEOC charges did not identify the Allegion defendants, the Court lacks jurisdiction over plaintiff's Title VII claims against them. Before 2018, the Tenth Circuit held that "a plaintiff's exhaustion of his or her administrative remedies is a jurisdictional prerequisite to suit under Title VII—not merely a condition precedent to suit." Shikles v. Sprint/United Mgmt. Co., 426 F.3d 1304, 1317 (10th Cir. 2005). The Tenth Circuit now

holds that a plaintiff's failure to exhaust administrative remedies before bringing a Title VII claim "merely permits the employer to raise an affirmative defense of failure to exhaust but does not bar a federal court from assuming jurisdiction over a claim."  Lincoln v. BNSF Ry. Co., 900 F.3d 1166, 1185–88 (10th Cir. 2018); see also Beecham v. JC Penney Distrib. Ctr., No. 18-02648-CM-TJJ, 2019 WL 2924842, at *3 (D. Kan. July 8, 2019) (failure to exhaust administrative remedies properly brought as affirmative defense under Rule 12(b)(6), Fed. R. Civ. P.).  Because defendants rely on outdated authority, their argument lacks even arguable merit.

B.  Exhaustion Of Administrative Remedies As To The Allegion Defendants

Defendants argue that because plaintiff's EEOC charges did not name the Allegion defendants, the Court must dismiss plaintiff's Title VII claims against them for failure to exhaust.

Although a plaintiff generally should name all defendants in her EEOC charge, the omission of a party's name does not require dismissal.  Romero v. Union Pac. R.R., 615 F.2d 1303, 1311 (10th Cir. 1980).  Dismissal is not mandated when plaintiff's charge has informally referred to defendants or when there is a "sufficient identity of interest between the respondent and the defendant to satisfy the intention of Title VII that the defendant have notice of the charge and the EEOC have an opportunity to attempt conciliation."  Id.  Because plaintiff has not argued that her EEOC charges informally refer to the Allegion defendants, the Court focuses its analysis on whether defendants share an identity of interest.

In determining whether plaintiff's omission requires dismissal, the Court must consider (1) whether plaintiff could have ascertained the role of the Allegion defendants through reasonable effort when she filed her EEOC charges; (2) whether the interests of Schlage Lock Company and the Allegion defendants are so similar that for the purpose of obtaining voluntarily conciliation and compliance it would be unnecessary to include the Allegion defendants in the EEOC

proceedings; (3) whether the absence of the Allegion defendants from the EEOC proceedings resulted in actual prejudice to their interests; and (4) whether the Allegion defendants have in some way represented to plaintiff that their relationship with her must occur through Schlage Lock Company. See id. at 1312. Defendants have not addressed these factors and they are not entitled to dismissal on this issue.

In addition, plaintiff alleges joint employer or integrated enterprise status between Schlage Lock Company and the Allegion defendants.[1] Sufficient proof of either relationship could establish an identity of interest which would satisfy the exhaustion requirement. Knowlton v. Teltrust Phones, Inc., 189 F.3d 1177, 1185 (10th Cir. 1999); see also Collins v. Wal-Mart, Inc., 245 F.R.D. 503, 512 (D. Kan. 2007) (plaintiff granted leave to amend to add party believed to be joint employer or integrated enterprise with named EEOC respondent). Plaintiff should have the opportunity to conduct discovery to determine the degree and scope of any employment relationship between the Allegion defendants and Schlage Lock Company. Armed with such discovery, both sides can further address the issue of exhaustion on motions for summary judgment.

The Allegion defendants have not conclusively shown that plaintiff's EEOC charges were insufficient to exhaust administrative remedies against them. The Court therefore overrules defendants' motion to dismiss plaintiff's claims against them for failure to exhaust.

---

[1] To determine whether defendants constitute a "joint employer," the Court looks to whether plaintiff has proven that defendants share or co-determine "the essential terms and conditions of employment" and whether they "exercise significant control over the same employees." Bristol v. Bd. of Cty. Comm'rs of Cty. of Clear Creek, 312 F.3d 1213, 1218 (10th Cir. 2002) (en banc). To determine whether defendants constitute an "integrated enterprise," courts generally weigh four factors: "(1) interrelations of operation; (2) common management; (3) centralized control of labor relations; and (4) common ownership and financial control," with an emphasis on the third factor. Id. at 1220.

**II.     Failure To State A Claim Upon Which Relief May Be Granted**

Plaintiff claims that in violation of Title VII, defendants (1) subjected her to a hostile work environment and discriminated against her based on sex and (2) terminated her employment in retaliation for complaints of sex discrimination.  Defendants argue that the Court should dismiss plaintiff's claims because the complaint consists of only speculative and conclusory assertions devoid of factual support.  Specifically, defendants argue that because the complaint states only that plaintiff's sex and complaints of sex discrimination were "motivating factor[s]" in defendants' decision to terminate her employment, plaintiff has failed to sufficiently allege that her sex and complaints of sex discrimination caused her termination.

Defendants move to dismiss plaintiff's complaint under Rule 12(b)(6), Fed. R. Civ. P.  In ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court assumes as true all well-pleaded factual allegations and determines whether they plausibly give rise to an entitlement for relief.  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim which is plausible—and not merely conceivable—on its face.  Id. at 679–80; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In determining whether a complaint states a plausible claim for relief, the Court draws on its judicial experience and common sense.  Iqbal, 556 U.S. at 679.

The Court need not accept as true those allegations which state only legal conclusions.  See id.; United States v. Herring, 935 F.3d 1102, 1110 (10th Cir. 2019).  Plaintiff bears the burden of framing her claims with enough factual matter to suggest that she is entitled to relief; it is not enough to make threadbare recitals of a cause of action accompanied by conclusory statements.  See Twombly, 550 U.S. at 556.  Plaintiff makes a facially plausible claim by pleading factual content from which the Court can reasonably infer that defendants are liable for the alleged

misconduct. Iqbal, 556 U.S. at 678. Plaintiff must show more than a sheer possibility that defendants have acted unlawfully—it is not enough to plead facts that are "merely consistent" with defendants' liability. Id. (quoting Twombly, 550 U.S. at 557). A pleading which offers labels and conclusions, a formulaic recitation of the elements of a cause of action or naked assertions devoid of further factual enhancement will not stand. Id. Similarly, where the well-pleaded facts do not permit the Court to infer more than mere possibility of misconduct, the pleading has alleged—but has not "shown"—that the pleader is entitled to relief. Id. at 679. The degree of specificity necessary to establish plausibility and fair notice depends on context, because what constitutes fair notice under Rule 8(a)(2), Fed. R. Civ. P., depends on the type of case. Robbins v. Oklahoma, 519 F.3d 1242, 1248 (10th Cir. 2008).

    A.    <u>Discrimination Under Title VII</u>

Title VII prohibits discrimination in employment because of sex. 42 U.S.C § 2000e-2(a)(1). Plaintiff can prove a Title VII violation through either direct evidence of discrimination or circumstantial evidence under the burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Under McDonnell-Douglas, a plaintiff typically establishes a prima facie case of discrimination by alleging that (1) she is a member of a protected class; (2) she suffered an adverse employment action;[2] (3) she was qualified for her position; and (4) she was treated less favorably than others not in the protected class. Id. While plaintiff need not prove a prima facie case to survive a motion to dismiss under Rule 12(b)(6), the elements of the sex discrimination cause of action "help to determine whether Plaintiff has set forth a plausible claim."

---

[2] The Tenth Circuit defines an "adverse employment action" as "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." Throupe v. Univ. of Denver, 988 F.3d 1243, 1252 (10th Cir. 2021) (citation omitted).

Khalik v. United Air Lines, 671 F.3d 1188, 1192 (10th Cir. 2012).

Here, plaintiff alleges that (1) she is female; (2) she suffered adverse employment actions, including the termination of her employment; and (3) throughout the 20 years that defendants employed her, she performed her job duties as required and received positive reviews for her work. Complaint (Doc. #1), ¶¶ 22, 50. The Court presumes that these factual allegations are true. Plaintiff has not, however, pled facts that allow a reasonable inference that defendants treated plaintiff less favorably than male employees. Plaintiff alleges that defendants treated her less favorably than less-qualified male employees who did not complain about or report discrimination, i.e. that defendants retaliated against her. The complaint does not contain factual context from which the Court can reasonably infer that defendants discriminated against her based on sex. See id. ¶ 42; see also Khalik, 671 F.3d at 1194 (affirming dismissal of complaint that contained "entirely conclusory" allegations of discrimination without specific facts).

The Court grants defendants' motion to dismiss as to plaintiff's claim of sex discrimination (Count I) for failure to state a claim.[3]

B.    Retaliation Under Title VII

Title VII prohibits employers from retaliating—taking a materially adverse employment action—against an employee engaged in protected opposition to discrimination. Davis v. Unified

---

[3] In Plaintiff's Memorandum In Opposition To Defendants' Motion To Dismiss (Doc. #17) filed January 18, 2024 at 11, plaintiff requested leave to amend her complaint to correct any deficiencies but did not state a basis for her proposed amendment or attach an amended complaint for the Court to consider. The Tenth Circuit has stated that "a request for leave to amend must give adequate notice to the district court and to the opposing party of the basis of the proposed amendment before the court is required to recognize that a motion for leave to amend is before it." Calderon v. Kansas Dep't of Soc. & Rehab. Servs., 181 F.3d 1180, 1186–87 (10th Cir. 1999); see also D. Kan. Rule 15.1(a) ("A party filing a motion to amend or a motion for leave to file a pleading or other document that may not be filed as a matter of right must: (1) set forth a concise statement of the amendment or leave sought; [and] (2) attach the proposed pleading or other document."). The Court therefore does not consider plaintiff's request for leave to amend.

Sch. Dist. 500, 750 F.3d 1168, 1170 (10th Cir. 2014).[4]  For retaliation claims, plaintiff is not required to set forth a prima facie case but is required to set forth a plausible claim.  Khalik, 671 F.3d at 1193.  The purpose of Title VII's anti-retaliation provisions is to prohibit "employer actions that are likely to deter victims of discrimination from complaining to the EEOC, the courts, and their employers," and "normally petty slights, minor annoyances, and simple lack of good manners will not create such deterrence."  Burlington N., 548 U.S. at 68.  To properly satisfy the plausibility requirement, plaintiff should plead when she complained, who she complained to about the discrimination and what the response was.  Johnson v. Hix Corp., No. 15-CV-07843-JAR, 2015 WL 7017374, at *3 (D. Kan. Nov. 10, 2015).

Here, plaintiff alleges that on September 25, 2022, she reported her male supervisor's comments of July 13, 2022 to defendants' ethics hotline and her General Manager.  She also alleges that Human Resources contacted her on October 14, 2022 with the results of its internal investigation and reported that it found no policy violation.  After the report from Human Resources, plaintiff alleges that her General Manager and supervisor "began leaving [her] out of communications and working directly with [her] subordinate" without her knowledge.  Complaint (Doc. #1), ¶ 34.  It is plausible that these actions, taken together or individually, could dissuade a reasonable worker from making a discrimination complaint.  These allegations sufficiently state a claim for retaliation.  The Court therefore overrules defendants' motion to dismiss plaintiff's retaliation claim (Count II) for failure to state a claim.

**IT IS THEREFORE ORDERED** that Defendants' Motion To Dismiss Plaintiff's Complaint (Doc. #11) filed December 7, 2023 is **SUSTAINED** in part.  The Court dismisses

---

[4]     For purposes of a Title VII retaliation claim, an action is materially adverse if it "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination."  Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006).

-11-

plaintiff's claim for sex discrimination under Title VII as to all defendants (Count I).  Defendants' motion is otherwise overruled.  Plaintiff's claim for retaliation remains as to all defendants (Count II).

Dated this 26th day of February, 2024 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
