IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JOEY L. PECK | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 23-2474-KHV |
| | ) | |
| SCHLAGE LOCK COMPANY, LLC, | ) | |
| ALLEGION PLC, ALLEGION S&S LOCK | ) | |
| HOLDING, INC., ALLEGION US | ) | |
| HOLDING COMPANY, INC., and | ) | |
| ALLEGION US HOLDING III, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

On October 24, 2023, Joey L. Peck filed suit against her former employers, Schlage Lock Company, LLC, Allegion PLC, Allegion S&S Lock Holding, Inc., Allegion US Holding Company, Inc. and Allegion US Holding III, Inc., alleging discrimination and retaliation on the basis of sex in violation of Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e et seq. This matter is now before the Court on Plaintiff's Motion To Reconsider And Motion For Leave To Amend (Doc. #22) filed March 11, 2024. For reasons stated below, the Court overrules plaintiff's motion to reconsider and sustains her motion for leave to amend.

### Factual And Procedural Background

On October 24, 2023, Peck filed suit against her former employers, alleging that in violation of Title VII, defendants discriminated and retaliated against her on the basis of sex. On December 7, 2023, defendants filed a motion to dismiss both claims for failure to exhaust administrative remedies and failure to state a claim upon which relief may be granted. See Motion To Dismiss (Doc. #11). On February 26, 2024, the Court overruled defendants' motion to dismiss

plaintiff's retaliation claim (Count II) and sustained defendants' motion to dismiss plaintiff's sex discrimination claim (Count I).  See Memorandum And Order (Doc. #20).

## **Analysis**

In her motion to reconsider and for leave to amend, plaintiff asks the Court to (1) reconsider its order dismissing plaintiff's sex discrimination claim (Count I) and (2) grant leave to amend her complaint.

**I.     Motion For Reconsideration**

District of Kansas Local Rule 7.3 governs motions to reconsider non-dispositive motions.[1] Under that rule, a party may seek reconsideration on the following grounds: (1) an intervening change in the controlling law, (2) the availability of new evidence or (3) the need to correct clear error or prevent manifest injustice.  Id.  A motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed.  Voelkel v. Gen. Motors Corp., 846 F. Supp. 1482, 1483 (D. Kan. 1994), aff'd, 43 F.3d 1484 (10th Cir. 1994). As the movant, plaintiff bears the burden to show adequate reason to reconsider the prior order of the Court.  Rand v. Wolf Creek Nuclear Operating Corp., No. 11-4136-KHV, 2012 WL 1154509, at *2 (D. Kan. Apr. 5, 2012).  Whether to grant a motion to reconsider lies in the discretion of the Court.  Taylor v. Colo. Dep't of Health Care Pol'y & Fin., 811 F.3d 1230, 1236 (10th Cir. 2016).

Pursuant to Local Rule 7.3, plaintiff asks the Court to reconsider its dismissal of her sex

---

[1]     Some uncertainty exists with respect to whether orders disposing of some but not all claims are dispositive or non-dispositive under D. Kan. Rule 7.3.  See Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp., 748 F. Supp. 2d 1261, 1264 (D. Kan. 2010).  Here, plaintiff moves under Local Rule 7.3 and the result is the same whether the Court considers plaintiff's motion as one to reconsider under Local Rule 7.3(b) or Rule 59, Fed. R. Civ. P., which generally applies to final orders and judgments that adjudicate all of the parties' rights and liabilities.  Fears v. Unified Gov't of Wyandotte Cnty., No. 17-2668-KHV, 2018 WL 5435403, at *1 (D. Kan. Oct. 29, 2018).

discrimination claim under Title VII.  See D. Kan. Rule 7.3(3).  Plaintiff argues that the Memorandum And Order (Doc. #20) resulted in manifest injustice because the Court dismissed plaintiff's sex discrimination claim on a basis not presented by defendants and she therefore did not have an opportunity to defend the claim.  Specifically, plaintiff asserts that defendants did not argue that her sex discrimination claim consisted of only "speculative and conclusory assertions devoid of factual support," but the Court nevertheless dismissed her claim on that ground, leaving her without an opportunity to defend the sufficiency of the allegations in her complaint.  See Plaintiff's Motion (Doc. #23) at 4.

In response, defendants argue that (1) because they argued that plaintiff's sex discrimination claim failed to state a claim upon which relief could be granted, and specifically that the complaint did not meet the "but for" standard for sex discrimination, the Court did not unjustly consider the argument and (2) plaintiff's response to defendants' motion to dismiss afforded her an opportunity to defend her sex discrimination claim.  See Defendants' Memorandum In Opposition To Plaintiff's Motion To Reconsider And Motion For Leave To Amend (Doc. #30) filed April 1, 2024 at 3–4 (citing Plaintiff's Memorandum In Opposition To Defendants' Motion To Dismiss (Doc. #17) filed January 18, 2024 at 10)).

Although the Tenth Circuit has not defined "manifest injustice" in the context of reconsideration, this court has described the term to mean direct, obvious and observable error. Hadley v. Hays Med. Ctr., No. 14-1055-KHV, 2017 WL 748129, at *2 (D. Kan. Feb. 27, 2017). Where plaintiff seeks reconsideration to prevent manifest injustice, she can prevail only if she demonstrates injustice that is "indisputable."  Tri-State Truck Ins., Ltd. v. First Nat'l Bank of Wamego, No. 09-4158-SAC, 2011 WL 4691933, at *3 (D. Kan. Oct. 6, 2011) (quoting Shirlington Limousine & Transp., Inc. v. United States, 78 Fed. Cl. 27, 31 (2007)).

Plaintiff has not shown that the Court committed manifest injustice when it dismissed her sex discrimination claim. Indeed, plaintiff's motion for reconsideration fails to clearly address the Court's grounds for dismissal of her sex discrimination claim. In its discussion of the claim, the Court held that plaintiff did not plead facts that allowed a reasonable inference that defendants treated plaintiff less favorably than male employees—the fourth element of a prima facie case of discrimination. See McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Plaintiff only alleged that defendants treated her less favorably than less-qualified male employees who did not complain about or report discrimination. The Court therefore concluded that plaintiff had only alleged facts to support her retaliation claim. Memorandum And Order (Doc. #20) at 9. In opposition to defendants' motion to dismiss, plaintiff had an opportunity to defend the sufficiency of her allegations and indeed did argue that her allegations "strongly support[ed] sex discrimination" and that she "sufficiently stated causes of action pursuant to Title VII." Plaintiff's Opposition To Motion To Dismiss (Doc. #17) at 10.

In seeking reconsideration, plaintiff has not identified any factual allegations that allow the Court to reasonably infer that defendants treated her less favorably than male employees. The Court thus did not commit manifest injustice in dismissing plaintiff's sex discrimination claim, and it therefore overrules plaintiff's motion for reconsideration of its ruling dismissing her sex discrimination claim (Count I).

**II.     Motion For Leave To Amend**

Rule 15(a), Fed. R. Civ. P., allows a party to amend her pleading with the opposing party's consent or with leave of court. Fed. R. Civ. P. 15(a)(2). The Court should freely grant leave when justice so requires. Id. A court may refuse to grant leave to amend, however, based on factors such as futility of the amendment, a showing of undue delay, undue prejudice to the non-moving

party or bad faith of the moving party.  Frank v. U.S. W., Inc., 3 F.3d 1357, 1365 (10th Cir. 1993). A court properly may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason.  Bauchman for Bauchman v. W. High Sch., 132 F.3d 542, 562 (10th Cir. 1997).  Accordingly, a district court is justified in denying a motion to amend if the amendment would be futile because it cannot withstand a motion to dismiss or otherwise fails to state a claim.  Lyle v. Commodity Credit Corp., 898 F. Supp. 808, 810 (D. Kan. 1995); see also Little v. Portfolio Recovery Assoc., LLC, 548 F. App'x 514, 515 (10th Cir. 2013).  The opposing party bears the burden of establishing futility.  Boykin v. CFS Enter., Inc., No. 08–2249–GLR, 2008 WL 4534400, at *3 (D. Kan. 2008).

To avoid dismissal, the amended complaint must present "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Ketchum v. Cruz, 961 F.2d 916, 920 (10th Cir. 1992) (courts apply Rule 12(b)(6) standard to analyze futility).   Under Rule 12(b)(6), the Court assumes as true all well-pleaded factual allegations and determines whether they plausibly give rise to an entitlement of relief.  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim which is plausible—and not merely conceivable—on its face.  Id. at 679–80; Twombly, 550 U.S. 544, 555 (2007).  In determining whether it states a plausible claim for relief, the Court draws on its judicial experience and common sense.  Iqbal, 556 U.S. at 679.

Plaintiff requests that the Court grant her leave to file an amended complaint.  Defendants assert that the Court should deny plaintiff's request for leave to amend because (1) plaintiff could have amended her complaint as a matter of course under Rule 15(a)(1)(B), Fed. R. Civ. P., rather than opposing defendants' motion to dismiss and (2) plaintiff's amended complaint does not

include additional allegations to support her sex discrimination claim, so the proposed amendment is futile. Defendants' Opposition To Motion To Reconsider And Motion For Leave To Amend (Doc. #30) at 4. While the Court agrees that plaintiff could have amended her complaint earlier, defendants do not assert that they will suffer prejudice on account of plaintiff's amendment. Indeed, the discovery cutoff is more than six months away, and allowing plaintiff to amend will cause no undue delay or prejudice to defendants.

In addition to the allegations of plaintiff's initial complaint, plaintiff proposes additional factual allegations as follows:[2]

Defendants employed plaintiff, who is female, from August of 2002 to November 15, 2022. On July 13, 2022, plaintiff complained to her supervisor that a female coworker had harassed and bullied another female coworker for several months. In response, plaintiff's supervisor told her that the last time two women leaders could not get along, defendants "clipped" them and "let [them] go." First Amended Complaint (Doc. #23-1), ¶ 25. Plaintiff understood this to mean that defendants fired the women leaders and interpreted the statement as threatening and discriminatory because her supervisor specifically mentioned "women leaders" and not "male leaders." After this conversation, plaintiff's supervisor became dismissive of plaintiff's communications and efforts as plaintiff sought help to resolve plaintiff's co-employees' concerns. Plaintiff's supervisor refused to engage with or support plaintiff's request for advice on how to coach her co-employees. Throughout plaintiff's employment, defendants subjected plaintiff to her supervisor's discriminatory comments and actions. Defendants treated similarly situated male leaders more

---

[2]   The Court initially notes that, in violation of Local Rule 15.1(a)(3), plaintiff did not attach a redlined version of the proposed amended complaint that shows all proposed changes to the pleading. See D. Kan. Rule 15.1(a)(3). The Court has nevertheless reviewed and compared the proposed amended pleading to plaintiff's original complaint.

favorably and did not subject them to the same type of performance standards and termination practices.

Turning to defendants' futility argument, denial of a motion to amend is justified if the amendment would be futile because it cannot withstand a motion to dismiss or otherwise fails to state a claim. See Bauchman, 132 F.3d at 562. Under the burden-shifting framework of McDonnell Douglas, 411 U.S. at 802, a plaintiff typically establishes a prima facie case of discrimination by alleging that (1) she is a member of a protected class; (2) she suffered an adverse employment action; (3) she was qualified for her position; and (4) she was treated less favorably than others not in the protected class. In its Memorandum And Order (Doc. #20) at 9, the Court found that plaintiff sufficiently alleged the first three elements. Because the factual allegations underpinning the first three elements remain unchanged in plaintiff's proposed amended complaint, the Court focuses its futility analysis on the fourth element.

Plaintiff's proposed amendment includes new, non-conclusory allegations that give rise to a reasonable inference that defendants treated plaintiff less favorably than male employees. Specifically, plaintiff's proposed amended complaint alleges that (1) throughout her employment, defendants subjected her to "sex-based" discriminatory comments and actions and (2) defendants did not subject similarly situated male leaders to the same type of performance standards and termination practices as female leaders. Proposed First Amended Complaint (Doc. #21-1), ¶ 54. Further, in her amended EEOC charge, plaintiff provided notice to defendants of these allegations. See Amended EEOC Charge (Doc. #23-1) at 14 (checked box for discrimination based on sex); Id. at 15 ("I was subjected to disparate treatment in the terms and conditions of my employment, based on sex discrimination compared to similarly situated employees."). Taking plaintiff's well-pleaded allegations as true and construing them in a light most favorable to her, defendants have

not shown that the proposed amendment renders plaintiff's claims futile.

Accordingly, the Court sustains plaintiff's motion for leave to file an amended complaint.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion To Reconsider And Motion For Leave To Amend (Doc. #22) filed March 11, 2024 is **SUSTAINED in part and OVERRULED in part.  The Court overrules plaintiff's motion for reconsideration of its Memorandum And Order (Doc. #20) filed February 26, 2024.  The Court sustains plaintiff's motion for leave to file an amended complaint.  Plaintiff shall file her proposed amended complaint by 5:00 PM on May 3, 2024.**

Dated this 26th day of April, 2024 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge